```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-23081-Civ-SEITZ
                              MAGISTRATE JUDGE P.A. WHITE

MATTHEW PAGAN,                :

      Petitioner,             :

v.                            :         REPORT OF
                                        MAGISTRATE JUDGE
WALTER McNEIL,                :

      Respondent.             :
_____
```

## I. Introduction

Matthew Pagan, a state prisoner currently confined at Apalachee Correctional Institution-East Unit, at Sneads, Florida, has filed an amended pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 attacking the revocation of his probation and resultant sentences entered in Case No. 06-20758 in the Seventeenth Judicial Circuit Court of Florida, at Broward County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the amended petition with supporting documentary exhibits and supplemental pleadings (DE# 7, 9, 12), the Court has the respondent's response to an order to show cause with multiple exhibits (DE# 17, 20), and the petitioner's reply (DE# 22).

## II. Claims

Pagan essentially raises the following claims in his amended petition:

1. The prosecutor during sentencing in the probation revocation proceeding made improper remarks regarding a Florida Bar complaint filed against her.

2. His due process rights were violated in the probation revocation proceedings when the prosecutor knowingly presented false testimony from the probation officer.

### III. Procedural History

The pertinent procedural history of this case is as follows. Pagan was charged by Information with the offenses of aggravated fleeing or eluding (high speed), felony driving while license suspended, and resisting arrest without violence (a misdemeanor). (Record on Direct Appeal at 5-6)(DE# 20; Ex. 1). Pursuant to pleas of no contest entered on October 29, 2007, Pagan was convicted of the offenses charged and sentenced on the felony convictions to concurrent two-year terms of probation. Id. at 13-4, 16-7, 31-2. On March 27, 2008, less than six-months after he commenced serving his term of probation, Pagan was charged with violating the terms and conditions of his probation, which included having committed new offenses. Id. at 33-4. After evidentiary proceedings, the trial court found that there was a willful and substantial violation of the terms and conditions of probation. Id. at 85. See also Transcript of probation revocation hearing conducted on October 30, 2008. (DE# 20; Ex. 1). Pagan's motion for reconsideration was denied, his terms of probation were revoked, and on May 15, 2009, he was sentenced to concurrent terms of confinement of thirty-six months.[1] See Record on Direct Appeal at 98-100, 101, 110-13, 116-

---

[1] Pagan was also convicted of the new substantive offenses of carrying a concealed firearm and felon in possession of a gun entered in Broward County Circuit Court Case No. 04-12094, and he is currently serving three year terms of imprisonment in that case. See http://www.dc.state.fl.us.

2

21. (DE# 20; Ex. 1). See also Transcript of sentence proceeding conducted on May 14, 2009.

On June 5, 2009, Pagan filed, through counsel, a Notice of Appeal from his Judgment and Sentence entered in the probation revocation proceeding. See Record on Direct Appeal at 127. On appeal, Pagan raised the following two claims: (1) there was insufficient evidence that he was in constructive possession of the marijuana and firearm; and (2) the trial court erred in failing to award him full credit for time served. See Amended Initial Brief of Appellant. (DE# 20; Ex. 3). In a decision without written opinion issued on June 16, 2010, the Florida Fourth District Court of Appeal *per curiam* affirmed the probation revocation and newly imposed sentence. See Pagan v. State, 37 So.3d 869 (Fla. 4 DCA 2010)(table). The mandate issued on July 16, 2010. See Pagan v. State, No. 4D09-984 (Fla. 4 DCA); see also http://www.4dca.org.[2]

Days before the filing of his notice of direct appeal, Pagan filed a *pro se* Motion for Reduction and/or Mitigation of Sentence pursuant to Fla.R.Crim.P. 3.800(c). The trial court denied the Rule 3.800(c) motion. Id. at 131. Pagan attempted to appeal the trial court's ruling by filing on June 19, 2009, a *pro se* Petition for Writ of Certiorari in the Florida Supreme Court. (DE# 20; Ex. 4). See also Pagan v. State, No. SC09-1048. The Florida Supreme Court transferred the case to the Florida Fourth District Court of Appeal, and the Fourth District Court of Appeal *sua sponte* dismissed the appeal for lack of jurisdiction by order dated December 2, 2009. (DE# 20; Ex. 4). See also Pagan v. State, No. 4D09-2687.

---

[2]The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Florida Fourth District Court of Appeal, http://www.4dca.org, viewed this date, Pagan v. State, Case No. 4D09-984. See Fed.R.Evid. 201.

While the direct appeal was pending, Pagan also filed a *pro se* Petition for Writ of Habeas Corpus in the Florida Fourth District Court of Appeal, essentially challenging the probation revocation proceeding on the following three grounds: (1) the search conducted by his probation officer was illegal; (2) there was insufficient evidence to establish constructive possession of drugs; and (3) his due process rights were violated in the probation revocation proceeding, because false testimony was presented and false evidence admitted. (DE# 20; Ex. 5). By order entered on July 15, 2009, the Florida Fourth District Court of Appeal dismissed Pagan's petition, stating in relevant part as follows:

> Petitioner's direct appeal from the revocation of his probation and sentence in Broward circuit court case number 06-20758CF10A remains pending in this court in case number 4D09-984, and petitioner is represented by counsel in that proceeding. In addition, a petition for writ of habeas corpus may not be used as a substitute for a motion for postconviction relief. Fla. R. Crim. P. 3.850(h); *Baker v. State*, 878 So.2d 1236 (Fla. 2004)(requiring dismissal of unauthorized petitions for habeas corpus). The court lacks jurisdiction to consider a Rule 3.850 motion at this time because the direct appeal is pending. *Daniels v. State*, 712 So.2d 765 (Fla. 1998).

Pagan v. State, No. 4D09-2586 (Fla. 4 DCA July 15, 2009)(DE# 20; Ex. 5).

### IV. Discussion

While his direct appeal proceeding was pending in the Florida Fourth District Court of Appeal, Pagan came to this Court, on October 6, 2009,[3] instituting the subject federal habeas corpus

---

[3] This Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n. 4 (11 Cir. 2008). See also Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). For purposes of this federal proceeding, Pagan's petition will be deemed filed the date that he executed his initial petition and not the later date that his amended petition was executed

4

proceeding pursuant to 28 U.S.C. §2254. The respondent argues in his response to the order to show cause that the petition should be dismissed as premature, because Pagan's convictions and sentences are not yet final in that he is currently prosecuting a direct appeal in the state appellate court in which he is challenging the subject convictions and/or sentences. This Court agrees with the respondent that dismissal of this case is warranted, although the respondent's reasons are no longer applicable in that the direct appeal proceeding has since concluded.

An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c).[4] See Mauk v. Lanier, 484 F.3d 1352, 1357 (11 Cir. 2007). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S.

---

and delivered to prison authorities for mailing. (DE# 1, 7).

[4]The terms of 28 U.S.C. §2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

5

1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial; Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979), or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion, and an appeal from its denial. See Caraballo v. State, 805 So.2d 882 (Fla. 2 DCA 2001).

From review of the record, it is clear that the claims raised here are unexhausted. Although, Pagan apparently attempted to exhaust his claims by filing a *pro se* Petition for Writ of Habeas Corpus in the Florida Fourth District Court of Appeal, the Florida appellate court dismissed the petition for lack of jurisdiction based upon the then-pending direct appeal where Pagan was represented by counsel. No review on the merits of the claims was ever conducted or any procedural bar applied. Further, Pagan was advised by the appellate court that a petition for writ of habeas corpus was an improper procedural vehicle to challenge the probation revocation proceedings and that a motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850 was the proper procedural way to do so after the conclusion of the direct appeal proceeding. See Pagan v. State, No. 4D09-2586 (Fla. 4 DCA July 15, 2009)(DE# 20; Ex. 5). Pagan's direct appeal was concluded less than one month ago. Florida has a two-year statute of limitations for filing a Rule 3.850 motion. See Fla.R.Crim.P. 3.850(b). He has more than sufficient time to challenge his probation revocation and resultant sentence in such a

postconviction proceeding by filing in the trial court a Rule 3.850 motion and then taking an appeal from any adverse ruling.[5]

The instant amended petition is, therefore, premature because Pagan has not filed a state postconviction motion pursuant to Fla.R.Crim.P. 3.850, challenging the probation revocation and resultant sentences as unlawful. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by the petitioner, Pagan cannot now proceed in this Court in habeas corpus. 28 U.S.C. §2254; Fuller v. Florida, 473 F.2d 1383 (5 Cir. 1973); Frazier v. Jones, 466 F.2d 505 (5 Cir. 1972). It is noted that a dismissal rather than a stay of the instant proceeding is the appropriate course of action here. See generally Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005)(holding that a federal district court has discretion to stay a mixed habeas petition containing exhausted and unexhausted claims when an outright dismissal of the petition will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act). This is so because neither claim raised in the instant proceeding has been exhausted and the petition, subsequently amended, has been timely filed.[6] The petitioner has more than sufficient time to return to this Court within the limitations period after his state court remedies have been fully and properly exhausted on any and all claims he might want to raise challenging his probation revocation and sentence.

---

[5]Pagan is advised that this Court is expressing no opinion as to the success of any future Rule 3.850 proceeding, and is only finding that there is sufficient time under state law rules to pursue such a motion, if he so chooses.

[6]*Rhines* is inapplicable in that the amended petition here contains no exhausted claims and is, therefore, not a "mixed petition." Consequently, there is no basis for the federal court to retain jurisdiction over it. See Rhines v. Weber, 544 U.S. 269 (2005).

Thus, only after state postconviction proceedings are concluded in the state courts may Pagan challenge his confinement in this Court by way of a federal petition pursuant to 28 U.S.C. §2254. While this federal petition when filed was timely, in order for any future federal petition not to be time-barred, Pagan is advised that he must comply with the federal *one-year* statute of limitation requirement.[7] See 28 U.S.C. §2244(d)(1)-(2). The petitioner is hereby cautioned to be aware of the time limitation for any subsequent habeas corpus petition filed in this Court and that he must return to the state trial court promptly and then this Court after all state court remedies have been exhausted. 28 U.S.C. §2244(d).[8]

---

[7] Section 2244(d)(1) sets forth the general rule that a federal habeas petition must be filed within one year after the petitioner's conviction and sentence become final. The judgment of conviction in the underlying criminal case will not become final until September 14, 2010, ninety days after the conviction and sentence were affirmed on direct appeal. See Jimenez v. Quarterman, 555 U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). The statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2). The statute is not tolled, however, during the pendency of any prior federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning §2244(d)(2)). See also Nyland v. Moore, 216 F.3d 1264 (11 Cir. 2000)(holding that the filing date of a second §2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits).

[8] Pagan is cautioned that he may not rely upon the timeliness of state post-conviction proceedings to satisfy the requirements of the AEDPA's one-year limitation period. See Johnson v. Florida Department Of Corrections, 513 F.3d 1328, 1333 (11 Cir. 2008). See also Howell v. Crosby, 415 F.3d 1250, 1251-52 (11 Cir. 2005)(holding that §2254 petitioner whose state post-conviction petition was timely filed pursuant to an extension of time granted by state court but which was filed more than one year after his conviction became final under § 2244(d)(1)(A) was entitled to neither statutory nor equitable tolling); Tinker v. Moore, 255 F.3d 1331, 1334-35 (11 Cir. 2001)(holding that Florida's then-applicable two-year limitations period for state habeas petitions did not toll the federal one-year period; rather, a federal petitioner "must exercise his [state remedy] within one year ... and do so in a manner that leaves him sufficient time to timely file his federal petition").

## V. Conclusion

It is therefore recommended that this petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 16th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Matthew Pagan, Pro Se
 DC# M33070
 Apalachee Correctional Institution-East Unit
 35 Apalachee Drive
 Sneads, FL 32460

 Helene C. Hvizd, AAG
 Office of the Attorney General
 1515 North Flagler Drive, #900
 West Palm Beach, FL 33401-3428