UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23081-CIV-SEITZ/WHITE

MATTHEW PAGAN,

        Petitioner,

v.

WALTER MCNEIL,

        Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE, DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

THIS MATTER is before the Court on the Report and Recommendation [DE-36] of United States Magistrate Judge Patrick A. White, recommending that Matthew Pagan's ("Pagan's") Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Judge White recommends dismissing the Petition without prejudice, except as to any application of the federal statute of limitations or any other federal procedural bar that may apply, for failure to exhaust state court remedies because Pagan has not filed a state postconviction motion pursuant to Fla. R. Crim. P. 3.850 asserting that the revocation of his probation and resulting sentences were unlawful. Pagan's Amended Petition [DE-9] raises two claims: (1) Pagan's due process rights in the probation revocation proceedings were violated when the prosecutor knowingly presented false testimony from the probation officer, and (2) the prosecutor made improper comments at Pagan's sentencing about a Florida Bar complaint Pagan had filed against her.

        Pagan objects that he exhausted his state court remedies by filing a motion under Fla. R.

Crim. P. 3.800(c) to reduce and/or mitigate his sentence.[1] However, motions are filed pursuant to Fla. R. Crim. P. 3.800(c) to reduce or modify "a *legal* sentence," not to challenge the legality of the sentence imposed. (Emphasis added). Pagan's 3.800(c) motion cannot have exhausted his claim that his sentence violated federal law, let alone his additional claim that he was denied due process in revocation proceedings, when the motion did not challenge the legality of that sentence.[2] *See, e.g., Alexander v. Secretary, Department of Corrections*, 523 F.3d 1291, 1298 (11th Cir. 2008) ("Rule 3.800(c) does not allow for a petitioner to raise any legal challenge, state or federal, that could obviate the need for federal relief"); *Polk v. Secretary, Florida Dep't of Corr.*, 2008 U.S. Dist. LEXIS 88528 (M.D. Fla. Oct. 21, 2008) (dismissing petition with claim of an illegal sentence, despite filing of 3.800(c) motion, because the petition did "not contain an exhausted claim").

Accordingly, Pagan's objections will be overruled and the Court will adopt Judge White's recommendation that Pagan's Petition be dismissed for failure to exhaust state court remedies. However, as Judge White explains in his R&R, Pagan still has time under the applicable two-year statute of limitations period to file a motion under Fed. R. Crim. P. 3.850 to vacate, set aside, or correct his sentence.

In addition to denying the Petition, the Court will deny issuance of a certificate of

---

[1] Pagan filed his 3.800 motion on May 21, 2009, six days after the trial court revoked his probation and sentenced Pagan to concurrent terms of thirty-six months. (DE-20-4 at page 39; R&R at page 2). The trial court denied Pagan's motion on June 9, 2009, and Florida's Fourth District Court of Appeal denied Pagan's appeal for lack of jurisdiction on December 2, 2009. (DE-20-4, at pages 28, 38).

[2] In his objections, Pagan claims that at some point his appellate counsel filed a motion to correct an illegal sentence pursuant to Rule 3.800(a). (DE-37, at page 6). However, the record before the Court indicates that his appellate counsel actually filed a motion to correct his sentence under Rule 3.800(b) for failing to give Pagan credit for time served (see DE-20-3, at pages 68 through 71; DE-20-4 at page 21), which is a claim Pagan is not raising in these proceedings. Moreover, as indicated on page 3 of the R&R, the claims Pagan raised on direct appeal are different from the claims he raises in these proceedings.

appealability. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court, having established grounds for entering a "final order adverse to the applicant" on this Petition, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the Antiterrorism and Effective Death Penalty Act applies, the court should consider whether its "resolution was debatable amongst jurists of reason." *Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (internal quotation marks omitted). Here, because Pagan has clearly not exhausted his claims in state court, he has not raised a debatable issue as to whether his Petition should be granted. As a result, it is hereby

ORDERED THAT

(1) The Magistrate Judge's Report and Recommendation [DE-36] is AFFIRMED AND ADOPTED.

(2) The Amended Petition For Habeas Corpus under 28 U.S.C. § 2254 [DE-9] is DENIED.

(3) This case is CLOSED and all pending motions are DENIED as they are moot.

(4) Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, certification of appealability is DENIED.

DONE and ORDERED in Miami, Florida this 7th day of October, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record/*Pro Se* Parties